UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO LOPEZ,<br><br>                              Plaintiff,<br><br>v.<br><br>CITY OF EL CAJON; OFFICER R. GRAY, in his individual capacity; and DOES 1-30,<br><br>                              Defendants. | Case No.: 20-cv-533-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

　　The matter before the Court is the Motion to Dismiss Plaintiff's Complaint filed by Defendants City of El Cajon and Officer R. Gray. (ECF No. 7).

**I.    BACKGROUND**

　　On March 20, 2020, Plaintiff Francisco Lopez filed a Complaint against Defendants City of El Cajon (the "City"), Officer R. Gray, and Does 1 through 30. (ECF No. 1). In the Complaint, Plaintiff alleges that "[o]n the morning of February 26, 2019, Officer R. Gray and other El Cajon police officers detained [Plaintiff]" for "being under the influence of controlled substances or for suffering from a mental disorder." (*Id.* at 1 & ¶ 10). Plaintiff alleges that he was unarmed. Plaintiff alleges that the officers "knocked [Plaintiff] to the ground, punched, elbowed, [ ] hit . . .," and "verbally threatened" Plaintiff. (*Id.* ¶¶ 12-13).

Plaintiff alleges that the officers "fractured the medial wall of [Plaintiff's] eye socket and broke his rib." (*Id.* ¶ 14). Plaintiff alleges that the beating "caused [Plaintiff] to sustain a traumatic head injury, a concussion, severe bruising on multiple parts of his body, two black eyes, swelling, contusions, and a jaw injury." (*Id.* ¶ 15). Plaintiff alleges that his "head, face, jaw, eyes, brain, nervous system, neck, back, shoulders, and ribs were all injured." (*Id.* ¶ 16). Plaintiff alleges that "[t]he beating caused [Plaintiff] to sustain post concussive syndrome. His symptoms include blurred vision, floaters, vertigo, headaches, and ongoing physical pain." (*Id.* ¶ 18).

Plaintiff alleges that he was taken to the emergency room in an ambulance. Plaintiff alleges that he "was still receiving treatment for his injuries five months after the officers beat him." (*Id.* ¶ 19). Plaintiff alleges that "[t]he police report notes that 'Officer Gray used physical force against [Plaintiff], causing visible injury to [Plaintiff]'s head and face.'" (*Id.* ¶ 17). Plaintiff alleges that his injuries "led him to lose earning capacity and suffer from lost wages." (*Id.* ¶ 20). Plaintiff alleges that the officers "humiliated [Plaintiff], damaged his reputation, and caused him emotional harm, including fear, anxiety, indignity, embarrassment, and depression." (*Id.* ¶ 21).

Plaintiff brings a claim against Officer Gray and Does 1 through 30 for excessive force and failure to intercede under 42 U.S.C. § 1983. Plaintiff brings claims against all Defendants for negligence and for violation of the Bane Act, Cal. Civ. Code § 52.1. Plaintiff seeks general, special, and punitive damages; attorneys' fees, costs, and interest; and "all other relief this court deems just and proper." (*Id.* at 7).

On April 22, 2020, the City and Officer Gray filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 7). Defendants move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that Plaintiff fails to state a claim upon which relief can be granted. On May 18, 2020, Plaintiff filed an Opposition to the Motion to Dismiss. (ECF No. 8). On May 21, 2020, Defendants filed a Reply. (ECF No. 9).

///

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citation omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citation omitted).

## III. 28 U.S.C. § 1983

Plaintiff brings a claim against Officer Gray and Does 1 through 30 for violating 42 U.S.C. § 1983 by using "excessive and unlawful physical force" while detaining Plaintiff. (ECF No. 1 ¶ 25). Defendants contend that Plaintiff improperly "lump[s] defendants together" and "does not specify what role each individual defendant actually had in causing

him harm." (ECF No. 7-1 at 11-12). Defendants contend that Plaintiff fails to allege facts from which the Court can infer that Officer Gray used force, the purpose of any use of force, and that any use of force was excessive. Defendants contend that Plaintiff fails to allege facts sufficient to support an inference that any use of force was objectively unreasonable under the circumstances. Defendants contend that Officer Gray is entitled to qualified immunity. Defendants contend that "[n]o decision by the Supreme Court has clearly established that law enforcement officers, when confronted with a suspect who was observed running in and out of traffic, under the influence of drugs or alcohol or mentally ill, resisting arrest and biting an officer in a dangerous manner that creates an imminent threat of serious injury to the officer may not use force." (*Id.* at 18).

Plaintiff contends that "[Officer] Gray, and other officers, acting in concert, brutalized Plaintiff to the point where he suffered a traumatic head injury." (ECF No. 8 at 5). Plaintiff contends that "Defendants, including [Officer] Gray, used excessive force . . . ." (*Id.*). Plaintiff contends that the amount of force used was "unquestioningly excessive" because at the time of the beating, Plaintiff was unarmed, helpless, and on the ground, and the only crime alleged was being under the influence of controlled substances or suffering from a mental disorder. (*Id.* at 7). Plaintiff contends that Officer Gray is not entitled to qualified immunity because it is clearly established in the Ninth Circuit that punching a man whose resistance to arrest was minimal, and causing serious injuries, is unconstitutional.

To state a claim against an individual defendant under § 1983, a plaintiff must show "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988) (citation omitted). A plaintiff bringing an individual capacity claim under § 1983 must demonstrate that each defendant personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an

affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Leer*, 844 F.2d at 633 (alteration in original) (emphasis omitted) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Section 1983 claims based on excessive force during an investigation or arrest are analyzed under the Fourth Amendment prohibition against unreasonable seizures. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014) (per curiam). The Fourth Amendment requires a police officer apprehending a person to use only an amount of force that is objectively reasonable considering the circumstances. *See Tennessee v. Garner*, 471 U.S. 1, 7-8 (1985); *see also Graham v. Connor*, 490 U.S. 386, 397 (1989) (the question is whether the use of force was "objectively reasonable in light of the facts and circumstances confronting" the officer).

> [The Court of Appeals for the Ninth Circuit] approach[es] an excessive force claim in three stages. *Espinosa v. City & Cty. of S.F.*, 598 F.3d 528, 537 (9th Cir. 2010). First, [the court] "assess[es] the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted." *Id.* (citation and internal quotation marks omitted). Then, [the court] evaluate[s] the government's interests by assessing the severity of the crime; whether the suspect posed an immediate threat to the officers' or public's safety; and whether the suspect was resisting arrest or attempting to escape. *Id.* Finally, [the court] "balance[s] the gravity of the intrusion on the individual against the government's need for that intrusion." *Id.*; *Graham v. Connor*, 490 U.S. 386, 396-97, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).

*Thompson v. Rahr*, 885 F.3d 582, 586 (9th Cir. 2018).

In this case, Plaintiff alleges that "Officer R. Gray and other El Cajon police officers detained [Plaintiff]" for "being under the influence of controlled substances or for suffering from a mental disorder." (ECF No. 1 at 1 & ¶ 10). Plaintiff alleges that he was unarmed and that the officers "knocked [Plaintiff] to the ground, punched, elbowed, and hit him." (*Id.* ¶ 12). Plaintiff alleges that the officers "continued to use force on the plaintiff after he was on the ground and unable to defend himself." (*Id.* ¶ 26). Plaintiff alleges that "[t]he police report notes that 'Officer Gray used physical force against [Plaintiff], causing visible

injury to [Plaintiff's] head and face.'" (*Id.* ¶ 17). Plaintiff alleges that he suffered a fractured eye socket, broken ribs, a traumatic head injury, a concussion, severe bruising, two black eyes, swelling, contusions, and a jaw injury. Plaintiff alleges that he was taken to the emergency room in an ambulance and was still receiving treatment for his injuries five months after the incident.

Plaintiff fails to allege facts regarding the "facts and circumstances confronting" the officers, *Graham*, 490 U.S. at 397, sufficient to assess "whether [Plaintiff] posed an immediate threat to the officers' or public's safety; and whether [Plaintiff] was resisting arrest or attempting to escape." *Thompson*, 885 F.3d at 586 (citing *Espinosa*, 598 F.3d at 537); *see Chew v. Gates*, 27 F.3d 1432, 1441 (9th Cir. 1994) (the "most important single element" is "whether the suspect poses an immediate threat to the safety of the officers or others"); *see also Lindsay v. Kiernan*, 378 F. App'x 606, 608 (9th Cir. 2010) (explaining on a motion for summary judgment that the plaintiff's "intoxicated state, increasing hostility, physical resistance, and repeated refusal to leave the gas station could have led a reasonable officer to believe that [the plaintiff] posed an immediate threat to the safety of the officers and the safety of the young female convenience store clerk"). Plaintiff fails to state facts sufficient to support an inference that the use of force was unreasonable under the circumstances. Taking Plaintiff's factual allegations as true, Plaintiff fails to state a claim under § 1983. Defendants' Motion to Dismiss Plaintiff's § 1983 claim is granted.

## IV. STATE LAW CLAIMS

Plaintiff's remaining claims arise under California state law and include causes of action for negligence and for violation of the Bane Act. The federal supplemental jurisdiction statute provides, "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental

jurisdiction" for a number of reasons, including if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3).

"Depending on a host of factors, then—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the [*United Mine Workers of America v.*] *Gibbs*[,] [383 U.S. 715 (1966),] values of economy, convenience, fairness, and comity." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (citation omitted). "'[I]n the *usual* case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.'" *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1970)).

Plaintiff fails to state a claim over which this Court has original jurisdiction. The Court cannot conclude that it has diversity jurisdiction over this action. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## V. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss Plaintiff's Complaint (ECF No. 7) is granted. The Complaint is dismissed without prejudice. No later than thirty (30) days from the date of this Order, Plaintiff may file any motion for leave to amend pursuant to Civil Local Rules 7.1 and 15.1(c).

Dated: August 27, 2020

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court