UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO LOPEZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF EL CAJON; OFFICER R. GRAY, in his individual capacity; and DOES 1–30,<br><br>　　　　　　　　　　Defendants. | Case No.:  20-CV-533 TWR (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(ECF No. 12) |

Presently before the Court is Plaintiff's *Ex Parte* Motion for Leave to File First Amended Complaint ("Mot. to Amend," ECF No. 12). Defendants filed an Opposition (ECF No. 15), and Plaintiff filed a Reply (ECF No. 16). Having carefully considered Plaintiff's Proposed First Amended Complaint (ECF No. 12-1), the Parties' arguments, and the law, the Court **GRANTS** Plaintiff's *Ex Parte* Motion for Leave to File First Amended Complaint.

## BACKGROUND

On March 20, 2020, Plaintiff filed a Complaint alleging causes of action for excessive force and failure to intercede under 42 U.S.C. § 1983 against Defendants Officer R. Gray and Doe Defendants and for negligence and violation of the Bane Act under California Civil Code § 52.1. (*See generally* ECF No. 1.) On April 22, 2020, Defendants

City of El Cajon and Officer R. Gray filed a Motion to Dismiss Plaintiff's Complaint. (*See* ECF No. 7.) On August 27, 2020, Honorable William Q. Hayes dismissed Plaintiff's Complaint without prejudice, finding that Plaintiff failed to state a claim under §1983, and provided Plaintiff 30 days to file for leave to amend. (*See* ECF No. 11.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend his or her complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality,'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citing *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam)), and its application is committed to "the sound discretion of the trial court." *Id.* (citing *PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 417 F.2d 659, 664 (9th Cir. 1969), *cert. denied*, 397 U.S. 918 (1970)). The Supreme Court has cautioned that courts generally should grant leave to amend absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Rule 15(a) 'is to be applied with extreme liberality,' and whether to permit amendment is a decision 'entrusted to the sound discretion of the trial court.'" *EFG Bank AG, Cayman Branch v. Transamerica Life Ins. Co.*, No. 216CV08104CASGJSX, 2019 WL 5784739, at *3 (C.D. Cal. Nov. 4, 2019) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Jordan v. Cty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982)).

The non-moving party bears the burden of showing why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

/ / /

**ANALYSIS**

Plaintiff seeks to amend his cause of action for excessive force under § 1983 "to address the Court's finding that there were insufficient facts in the Complaint to support an inference that the use of force was unreasonable under the circumstances." (*See* Motion to Amend at 2). In the proposed First Amended Complaint, Plaintiff also adds additional facts under his negligence and Bane Act claims. (*See gener*ally ECF No. 12-1.) Defendants argue that Plaintiff's proposed amendments are futile for several reasons: (1) Defendant Officer Gray's use of force was objectively reasonable and he is entitled to qualified immunity; (2) Defendant City of El Cajon, a public entity, cannot be liable for general negligence; (3) Plaintiff cannot plead facts to establish Defendant City of El Cajon was liable under the theory of respondent superior; and (4) Plaintiff fails to state a cause of action under the Bane Act. (*See generally* ECF No. 15).

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978)). Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, instead deferring consideration of challenges to the merits of a proposed amendment until after leave to amend has been granted and the amended pleadings have been filed. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) (citation omitted); *accord Green Valley Corp. v. Caldo Oil Co.*, No. 09cv4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011) ("[T]he general preference [is] against denying a motion for leave to amend based on futility."). Consequently, arguments concerning the sufficiency of the proposed pleadings—even if meritorious—are better left for briefing on a motion to dismiss. *Lillis v. Apria Healthcare*, No. 12cv52-IEG (KSC), 2012 WL 4760908, at * 1 (S.D. Cal. Oct. 5, 2012).

///

///

Defendants are effectively asking this Court to turn their Opposition into a motion to dismiss. The Court finds it is appropriate to allow Plaintiff leave to amend before evaluating Defendants' arguments on the merits.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's *Ex Parte* Motion for Leave to File First Amended Complaint (ECF No. 12). Plaintiff **SHALL FILE** his First Amended Complaint on or before three (3) days of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated: November 3, 2020

_____
Honorable Todd W. Robinson
United States District Court